Our case number two is Vega v. Ramos, or Vega and Ramos v. Chicago Board of Education, appeal number 23-11-83. Okay, Ms. Shaw, whenever you're ready. Good morning, Your Honors. May it please the Court, my name is Anne Shaw on behalf of the Appellants and the Plaintiffs' Council. We seek the vacating of two orders, entering sanctions and monetary sanctions against Plaintiffs' Council. The threshold issue in this case is whether plaintiffs' due process rights were honored in the sanctions that were entered by the Court. And the Supreme Court in Chambers v. NASSCO and Roadway Express both hold that due process requires that the attorney being sanctioned be given notice and an opportunity to respond. The Seventh Circuit has gone into more clarity under both Larson as well as Johnson v. Cherry and stated that the notice has to be explicit, alert the specific attorney of the conduct that they may be sanctioned for, and give them the opportunity to respond to that specific conduct. And in this case, there is nothing in the record, neither on the July 20, 2017 hearing nor on the September 11, 2017 hearing or even the evidentiary hearings in October 30, 2017 and November 27, 2017, where the Court or Defendants' Council sought sanctions. It is understood that the Court on its own, sua sponte, can enter sanctions as well as an attorney being notified by a motion for sanctions against them. But this was not the case. In fact, every single record indicates that all the parties were operating on plaintiff's motion for sanctions against the defendants for discovery violations. Plaintiff's motion for sanctions is July 19, 2017. Right. Very next day at a hearing, the district court says, you know, I'm going to schedule a hearing. Well, he holds an initial hearing to get clarity on the alleged assault. And that's the first of a couple comments the district court makes about getting to the bottom of what happened with the assault. What's your position on why that's not notice that the court is looking at an alleged assault? Which would raise the specter of some sort of penalty for that. So Your Honor, this court and Johnson v. Cherry already determined that that isn't sufficient notice. The notice has to specifically name the attorney as well as what conduct he or she may be sanctioned for. In fact, in Johnson v. Cherry, the attorney that was sanctioned, actually there were several things in that record. One, the court in Johnson v. Cherry, the district court in Johnson v. Cherry actually gave a general admonishment to all the parties that somebody could be sanctioned for and wanted to do his own hearing sua sponte to get to the bottom of who may have or may not have allegedly forged the attorney's signature on a filing. The next thing was the attorney that was sanctioned also was able to participate in the hearing, the evidentiary hearing on the matter. And third, the sanctioned attorney also was able to file her own memoranda in defense of her position. Even under those circumstances, this court found that that wasn't sufficient notice because the attorney who was being sanctioned could not appreciate that she could be sanctioned since it was on her motion to strike. Is there a difference with Johnson? Because in that case, it was an open question. Who signed this document? Nobody knew. That was the big mystery. In this particular case, there were only two actors involved in this alleged assault. Allegedly Ms. Shaw and then Ms. Dreisschmeyer. Dreisschmeyer was the alleged victim. So there wasn't this open question of who are we talking about here. And then as for the opportunity to respond, here once it does become available, there are several instances when Ms. Karen Shaw does not respond to the issue of sanctions once it is raised. So how do we take that into account or should we? So, Your Honor, there is no case law that allows for what we could characterize as constructive notice when it comes to attorney discipline. But isn't it true though that notice of potential sanctions can come from opposing counsel? Yes, but that did not occur under the due process requirements of both Johnson, Larson, which is this Court's cases, as well as Supreme Court cases, Roadway and Chambers. All these cases suggest, and actually Larson and Johnson v. Cherry specifically state that notice must be given before any hearing is done. The first time that defendants raised the issue of seeking sanctions against Ms. Shaw was in their post-evidentiary hearing. And the Court erroneously abused this discretion by saying that was correct notice because it gave her a few days, which that is not the purpose of a post-evidentiary brief. And in this matter, to address Judge Jackson's question, there was a dispute. In Johnson v. Cherry, there was also a dispute as to who signed this. But in our case, the dispute was whether this was an inadvertent touching. And in fact, on September 11, 2017, the Court actually admonished Ms. Dreschmeyer directly because she asked that at worst she's a victim of an inadvertent touching. And the Court admonished her directly and stated that if your reaction was so outrageous, you could be at fault. So that all the indications, all the proper notice was only given to defendants, counsel and Ms. Dreschmeyer, both by the Court as well as in plaintiff's motion for sanctions. But Ms. Shaw, can I ask you a question regarding the Johnson case? What happened in Johnson is distinguishable here. In Johnson, we held, regarding the sanctions and notice, there, though, the judge sanctioned counsel at the end of the hearing, right? That's different. I mean, here, you had a hearing and then at least, was it Karen Shaw? Karen Shaw was on notice when the brief was filed that the state was seeking sanctions against her, the city was seeking sanctions against her, right? I mean, so Johnson is distinguishable because there, there was no post-hearing briefing. Here there was. Judge, so to answer your question, it's not distinguishable, right? Why, why? So, Judge Dreschmeyer, because the issue is one of notice. You need to have an opportunity to respond and here, you have the opportunity to respond. So the due process requires, I mean, this has been determined by the Supreme Court and this court, due process requires that notice be given before any hearing on the matter and also directly to the attorney as to what conduct that that attorney might be sanctioned for. There is no case law cited by the defendant or the court that suggests that due process is satisfied by giving notice after the evidentiary hearing has been conducted. Let me ask it this way. Ms. Shaw came to the hearing with an attorney. What do we make of that fact? And by the time she comes to the hearing, she's aware that there has been an ARDC complaint filed. And so if we pair that with Judge Pryor's mention of our law that opposing counsel can provide notice. How do we conceive of what Karen Shaw knew at that moment, the moment she walks into the evidentiary hearing, knowing there's been an ARDC complaint filed and having an attorney? So Your Honor, your question touches upon a number of issues here, right? So the defendants could have filed a motion for sanction or sought sanctions directly against Ms. Karen Shaw for the alleged events. However, they chose to proceed with the ARDC and also file a criminal case. And that actually triggered younger concerns, right? Because there's a parallel state court proceeding, and this court has recognized that state disciplinary proceedings are an important state interest. And those proceedings are covered. And so the court should have made, and actually the court does talk about it numerous times, but the court should have actually made a determination. You're skipping to your younger argument, which I am interested in, but what's the answer to my question about whether at that moment we should conceive or not that she has noticed from opposing counsel that the alleged assault is something that the court could penalize? Again, Your Honor, that goes to, that would be what would be characterized as basically constructive notice, right? I mean, the reason why in Johnson the court said that it needs to be explicit and name the attorney, either by the court or by the defense counsel, is because it gives, it provides notice that- Maybe let me try to ask the question a different way. Did anyone else, other than Ms. Cairnshaw, did anyone else bring counsel to this evidentiary hearing? Yes. And so who else brought counsel to represent themselves at the evidentiary hearing? Ms. Dreschmeyer. Oh, right. So any other plaintiffs' counsel, did they bring counsel to represent themselves? No. All right. And addressing the counsel argument, this is exactly why the specific notice had to be given. Ms. Shaw did not retain the attorney until the second hearing, which is on November 27th. When she had notice? She did not have notice. The reason she did that was because there was pending criminal matters, and so she was going to jeopardize, at the time that she believed that there was criminal proceedings pending, that she did not want to jeopardize any potential defense that she would have. So she actually hired this attorney, who is a criminal defense attorney, to help her be able to go through it. And then the reason why he was there, and the reason why she didn't testify, was because there was no notice to her that she was on, that she could be sanctioned. So because I don't want to run out of time, in the notice of appeal, we do have to address the jurisdictional question as to whether or not if this is properly before us, and who are the appellants. And so can you address that argument? Yes, Your Honor. So the orders of March 28th, 2017, and December 28th, 2022, four years later, entered monetary sanctions against plaintiffs' counsel. And at the time of the orders being entered, there were more than one plaintiff's counsel. There was myself, as well as Attorney Don Villar. And so the rules were amended in 1993, that if there is an order that is on its face, that involves attorneys that are part of it, and I would suggest the plaintiff's counsel does actually involve the attorneys of record at the time the orders were entered, that even if their names are not explicitly on the notice, as long as the orders are attached and gives the court instruction as to who has an interest in it, then the court does have a jurisdiction to hear their appeal. And then myself, I actually signed the notice of appeal, and there is a case that suggests that even the attorney signing the notice gives the court the jurisdiction to proceed, that they want to hear it on the merits. And because this is a joint sanctions motion, and there was no notice given to myself or Mr. Villar, that in any—I mean, there's nothing in the record that says we did anything wrong, we had anything to do with these things, and the court doesn't specifically name us, and the defendants concede that. And there is no case law saying that we should be sanctioned under those circumstances. I think that the court does have jurisdiction, even though we're not specifically named, in the notice of appeal, because it's in the orders. And so, just for clarity, which sanction in the March order are you appealing? We are appealing all the sanctions. All the sanctions. I mean, it is stated in our brief, maybe not clear enough, but we take it— The reason why I ask is because this is decided in 2018, the disqualification. The monetary sanction is finalized in the January—I'm sorry, in the December 2022 order, and then the notice of appeal is filed in January of this year. And so, from a timing perspective, did you need to appeal to the disqualification determination, the notice of appeal, in August of 2018? August? Or are you talking about— So on the merits, the motion for summary judgment, and then there's a final judgment entered. There's a notice of appeal filed on the merits. And so, from a timing perspective, did you need to wait until the monetary sanction was satisfied before you could file your notice of appeal? Yes, Your Honor. The March 2018 order was not an order that we could appeal interlocutorily. And also, there's case law that says that even if a lawyer is removed from a case, that is not subject to interlocutory appeal. We had no choice but to wait until we had the final order, which unfortunately took four years for the judge to issue. We didn't anticipate it would take so long, and the judge did not allow us to come back for any arguments. He just kept moving the status dates on our objections for four years. Thank you. All right. Thank you, Ms. Shaw. Thank you. Okay. Mr. Doyle. You may begin, wherever you are. May it please the Court. I'm Thomas Doyle for the Board of Education and the other Board defendants in this case. The sentence that rings truest with me is from the March 28th order, where Judge Feinerman says, this is an extraordinarily unfortunate incident. And that's exactly what this is. Now the question, the first piece that the panel was interested in was talking about notice. I'd like to start there, if I could. There were indications all along that the judge was trying to figure out what happened and who was at fault. An indication of that, for example. Let's drill down. Yes. Where in the record is Anne Shaw or Don Villar put on notice that they could be sanctioned for their conduct? The March 28th order says that plaintiff's counsel shall have to pay a monetary sanction in an amount to be determined. It does not identify, by name, more than that. The same usage is in plaintiff's counsel's briefs when they respond to that. And the same usage is in the December 28th, 2022 order. Before the sanction. That's the argument we've, before the sanction, where are they put, those two put on notice? Oh. That sanctions are possible. Oh. Oh, very good. In the, in our post-hearing brief, we put in a request for sanctions. And that's a January 2019 post-hearing brief. It is very clear when it was, when we filed it. The date on that is, the date on that is January 19th of 2018. January 24th, the plaintiff's counsel responds by filing their own post-hearing brief. They do not address the issue of sanctions. On January 18th, you clearly request sanctions against Karen Shaw, but was that it? I think that's the question. Where did you request sanctions against the other lawyers? Oh, I do not recall, Your Honor. But the form. That's a problem, right? The form of the sanction, though, relates to what we were asking for. We were asking for a sanction for the attorney's fees that we had been put through. That is more than Karen Shaw's conduct. Because it is all of the conduct that followed, all of the motion practice and the hearings and everything else. That's the injury that we were saying should be addressed. We're not, I'm not focused on Karen Shaw. I'm really wanting you to direct me to Anne Shaw, Don Villar. And if I look at the January 19th, 2018, five post-hearing brief where you request sanctions is against Karen Shaw. Where, anywhere in the record, is there notice for the other two lawyers? Until prior to the March 28th order. The March 28th order says plaintiff's counsel. I don't believe there is any particular notice that the other two are up before then. So then are you ready to concede the issue with Anne Shaw and Don Villar? And if not, why not? Okay, there's two reasons why I'm not. The first is, Your Honor, during the entire district court proceedings, none of the plaintiff's counsel raised this issue. And in fact, they briefed their opposition to sanctions, which is filed at record number 242. It's the June 28th, 2018 brief. Isn't just the remedy here just to remand to the district court, and if the district court wants to provide notice to Anne Shaw and Don Villar, he can do it. She can do it. Because Judge Feinerman is gone. I don't know who the district judge will be. They can provide adequate notice under the due process clause, and then they can make a decision as to whether sanctions are warranted. We could do that, otherwise the sanction might be collectible against Karen Shaw only. Right. I mean, but at the end of the day, it doesn't matter. The sanction is collectible against somebody. Your Honor, to your point, Anne Shaw, and it matters to Don Villar as well. And it matters. Yes. But if it mattered, they should have raised it in the district court, Judge. It also matters because our case law requires specific identification of the parties, you know, who might be sanctioned. And we also have this case law, I wanted you to address Johnson, where, you know, in Johnson, there was a hearing, and we said a hearing is not sufficient. Here we have a hearing. It's the hearing. Well, now the question is on that Johnson question, the Johnson issue. Is it, did anybody have notice? Or is the question, did Anne or Don have notice? They're separate questions, and let me parse that out. Certainly, by the summer of 2018, or by the summer of 2017, Karen Shaw should have recognized that she was facing sanctions. What do you make of Ms. Anne Shaw's argument that constructive notice is not sufficient? Well, there's actual notice. At the August, the September 11th, 2017 hearing, the district court judge said, because I am concerned about what happened after this deposition, Karen Shaw and Lisa Dreschmeyer may not participate in any more depositions until I get to the bottom of this. They both clearly understood at that point that the judge was trying to figure out which of them was at fault, and which of them was going to face whatever the next piece of the proceedings were. There are then two days of evidentiary hearings. The second day of the evidentiary hearing, Karen Shaw shows up with a lawyer. There's a couple of pieces to this, as far as Karen Shaw's notice. What would she have done differently? There isn't anything she would have done differently, had there been a sanctions order at the very She told her story repeatedly in affidavits and in court hearings. She did the opening statement at that two-day evidentiary hearing, and then they filed multiple briefs after the sanctions were up. There isn't any question that Karen Shaw understood that she was facing sanctions and had an opportunity to respond. And she had multiple opportunities for that. Now, to parse the Johnson question a little closer, as to Don and to Anne, if it were so important to them, and they were objecting to the district court's usage of plaintiff's counsel, they should have said something. Because then the district court, to your point, Judge Kirsch, the district court could have done something about it then. The district court could have said, I will fine-tune my order. The district court could have said, I will make specific findings. The district court would have said, I will ask each of them to file their own separate briefs. And whatever it is the district court might have wanted to do to cure whatever the technical defect was in his usage of plaintiff's counsel, he could have done it had they raised it. But they didn't raise it, Judge. They didn't understand at the time that they had any ambiguity. If they were worried that they weren't on notice, they would have said something. Instead, they all filed briefs under the caption plaintiff's counsel, or a brief, under the caption plaintiff's counsel to respond to why there shouldn't be a sanction. You are making a forfeiture argument in the context of due process. Do you have a case to support you? It's forfeiture and it's harmless. There isn't any way, anything they would have done differently, that Don or Anne would have done differently. At the end of the day, does it matter if the sanction holds up against Karen? It doesn't matter at the end of the day. The $12,000 is collectible against somebody. And had it mattered, had the due process concern been a real issue during the district court, they would have allowed the district court to correct it. Instead, what they did was apparently sat on what they saw as a procedural defect. Is the answer to my question no? Am I making a forfeiture argument in response to due process? And whether you have a case that can point us to... I do not have a case. As I stand here, I don't have a case, Judge, that says that's fine for you all to do. There just isn't any question that the sanction here was proper. To your question on the form of the Notice of Appeal. The Notice of Appeal is clear on its face, and the Notice of Appeal on its face says that Karen Shaw and the law firm, Shaw Legal Services, were the appellants. That's repeated in three separate filings that the plaintiffs made in this court, including an affidavit from Anne Shaw in which she said, I am Anne Shaw, and I represent the appellants, she says, Karen Shaw and Shaw Legal Services. There just isn't any question before the opening brief turns up who the appellant was. The appellant was Karen Shaw and Shaw Legal Services. As we discussed in our brief, the law firm is sort of a straw man here because the law firm didn't appear. The law firm is not, quote, quote, plaintiff's counsel under the operation of the local rules in the Northern District. Counsel is lawyers, not firms. In state court, the answer might have been different. The form of the Notice of Appeal is significant because they didn't appeal. Don Villar and Anne Shaw did not appeal and didn't recognize that they were in the middle of this until they filed their opening brief by sleight of hand. They add themselves as appellants. The entire thing is horribly unfortunate, and the district court exercised his authority to try and figure out what to do about it. What's the right answer? It's a deposition from the summer of 2017. Six years later, we're still arguing about what happened, but most importantly, we're arguing about those six months from the date of that deposition through the end of that calendar year when the defendants were put through the trouble of hiring lawyers to deal with all of this. That's what the sanction is designed to address. To your point also, Judge, you had asked about the other sanctions that appear in the March 28th order. There is a sanction that removed Karen Shaw from the rest of the case. That is never dealt with in the briefs as being an improper sanction, as being an abuse of discretion, as being something that was not justified in these circumstances. That argument, whether it needed to be raised in a separate Notice of Appeal, I am not focused on that, but it's never argued here. That piece of the sanction is clearly proper. The second piece of the sanction, the district court referred the matter to the executive committee. That is never objected to. That's the second thing that he did. The third thing that he did was he directed plaintiff's counsel to address the amount of the fees. They did that, and in their briefing, they also argued about whether there should be any sanction at all. They got notice and an opportunity to be heard during the hearing and during the briefing on the amount of the sanctions. We noted in our brief that the issues about the amount of the sanction were brand new in the briefing compared to in the district court. That's not really dealt with in the reply brief. If your honors have any other questions, I'm happy to answer them. I believe this order should be affirmed, and the case should finally get to its end. Thank you. All right. Thank you, Mr. Murphy. The case will be taken under advisement.